E. G. Whitney et al *v.* Patrick Rogers et al.

E. G. WHITNEY ET AL. *v.* PATRICK ROGERS ET AL.

(No. 1,103.)

1. When a carrier receives property and contracts to deliver it at a distant place, he has no right to his freight till he performs his contract, and that is alone fulfilled by the delivery at the port of destination; nor can the shipper compel him to part with the property during the transit, unless he tenders him the whole freight. What the carrier has a right to earn can not be taken from him till the fruit of his labors, if permitted to be performed, is secured.

2. There can be no such thing as freight "pro rata itineris," unless the bailee voluntarily gives up the cargo, and the bailor consents to receive it before the place of destination is reached.

GENERAL TERM.—Proceeding in error to reverse a judgment rendered in special term against the plaintiff in error.

The defendants in error were the owners of a barge employed in the transportation of cargoes on the Ohio and Mississippi rivers, on which were laden on the 3d of February, 1853, 200 barrels of beef and 4,018 barrels of flour, shipped at Madison, Iowa, to be conveyed, on account of the owners thereof, to New Orleans, La., for certain freight then agreed upon by the parties.

While the vessel remained at the shore opposite Madison, she sprung a leak, which made it necessary to unladen her to save the property from injury.

The plaintiff Whitney in company with others, took pos-

session of the barge, assumed to control the flour, and caused it to be unladen and re-stored, as it was then claimed, for safe keeping.

The defendants in error repaired their barge, and afterward required the plaintiffs to deliver the flour on board, that they might earn their freight, by the transportation of the property to New Orleans.   They tendered, at the same time, a reasonable sum for the expenses incurred, for salvage in unlading the cargo, but the plaintiffs in error refused to permit the flour to be taken on board the barge, or the defendants to receive it.   In consequence of this refusal, this action is brought by the carriers to recover the damages sustained by the loss of the freight.

It appears the flour was insured by the owners, in the office of the Madison Insurance Company, of which Whitney was secretary, and that he claimed to act for all concerned, when he took the control of the cargo, to save it from injury.   It is also in evidence, that after the injury the flour had sustained, the owners abandoned it to the underwriters, who accepted the abandonment.

*Lincoln, Smith & Warnock,* for plaintiffs in error.

*Coffin & Mitchell,* for defendants in error.

STORER, J., delivered the opinion of the court.

On the trial a great deal of evidence was produced, and, as is often the case, much of it had but little to do with the case.   The parties appear to have been much excited, and their statements, therefore, are to be taken as they doubtless were by the judge, with much allowance.

When this mass of evidence was presented, the premises were submitted to the court, the parties waiving a jury. After considering the case, the judge, at special term, assessed the plaintiff's damages at $1,119, allowing, in the first place, a reasonable sum to Whitney, for his outlay in

saving the flour. All the testimony given on the trial, is embodied in a bill of exceptions.

No error is assigned for any ruling of the judge, which appears to have been excepted to at the hearing. The general objection seems only to be urged, that the evidence did not warrant the finding.

When the case was tried, no law was in force, nor any decision of the supreme court reported, which would authorize a re-examination on error, of the opinion given at the special term, either as to its weight, credibility or sufficiency. All these were properly within the discretion of the judge to admit or reject, as he might think proper; the ruling in 6 Ohio State 497, *House* v. *Elliott*, covering the whole ground. If, by the law of the last session, however, we are now permitted to refer to the evidence, and decide whether a new trial should have been granted, or not, in a particular case, we suppose the authority conferred can not extend to judgments obtained before the passage of the statute.

If, however, we had been called on to decide the controversy, we should have arrived at the same conclusion as the judge who determined the case.

A carrier of merchandise enters into a contract to deliver it at a distant place; during the transit the property under his charge is accidentally damaged; he endeavors to repair it: and while thus employed, the shipper demands the possession of his goods. Can he do so without paying full freight? We have always supposed that where the vessel is disabled by any peril of the seas or the river, during her voyage, it was the duty of the master to refit at the first port, or, if the vessel should prove unsafe to carry cargo, he might hire another, or otherwise forward the goods to their destination. He certainly has no right to his freight, till he performs his contract, and that is alone fulfilled by delivery at the port of destination. Hence, he is not discharged by a delivery short of that place, nor can the shipper compel him to part with the property, unless he tenders him the

whole freight.    What the carrier has the right to earn, can not be taken from him, till the fruit of his labor, if permitted to be performed, is secured. ·

There can, therefore, be no such thing as freight "*pro rata itineris,*" unless the bailee voluntarily gives up the cargo, and the bailor consents to receive it, before the place of destination is reached.

If the shipper can not reclaim his goods, but at the place of delivery, it follows that those who receive them are in no better situation.    In the case before us, if Whitney interfered with the flour, on the supposition he was representing the owner, or the office, in which it was insured, he can stand on no other ground than the owner would occupy. He could not demand the possession, as a matter of right; but if he has, nevertheless, gained it, for the purpose of preserving it, the most favorable position, in which he can be placed, is to suppose that he is acting in good faith, for all concerned, and should, therefore, be indemnified for all his outlays, expended in protecting the property.    More than this would not only be against law, but contrary to justice.

The question as to the unseaworthiness of the barge, must be included in the same rule, to which we have already referred, as well as other kindred objection.    It is not raised in the pleadings; it does not appear to have been made on the trial, and the opinion of the judge, whatever it might have been, does not seem to have been excepted to.

If the point had been raised, it would have required an extraordinary case to have permitted the bailor to rescind the contract of affreightment.    We do not recollect to have ever seen such a case, and we think it would be an anomaly in practice, if it was allowed.    But the argument, it appears to us, loses its whole value when we find the Madison Insurance Company represented by Whitney, after the accident, and with a full knowledge of the alleged inability of the barge to navigate the river, voluntarily accepted the flour, as a loss falling within the terms of the policy, and caused by the peril insured against.

Besides, the claim would be better determined, in an action by the proper parties, upon the bill of lading, where every question, touching the liability of the carrier for damages to the property, could be satisfactorily decided.

It is very clear the carriers have lost their freight. They were entitled to earn it; they have been prevented from doing so by the conduct of Whitney, the plaintiff in error, who without any legal right to detain it, refused to give up the cargo, after demand, attended with a tender of compensation for all the salvage he was entitled to claim. We think, therefore, the amount awarded against the defendant, at special term, was but a just and fair equivalent for the plaintiffs' damages in the loss of their freight.

Judgment affirmed.